The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following questions: 1. Does the Legislature have the authority to establish guidelines or limitations on any retirement plan that a board of regents for an institution of higher education in the State of Oklahoma has established pursuant to the statutory authority of said board of regents? 2. Can the various boards of regents obligate operative budget funds for future years, by operating retirement plans whereby retirement benefits which were accrued in prior years are paid from current year's budget funds? The Constitution of the State of Oklahoma expressly authorizes the Legislature of the State of Oklahoma to provide for the retirement of teachers in public schools, colleges and universities of this State. Article V, Section 62, Okl. Const. The Legislature of the State of Oklahoma has plenary authority to make provision for and modifications of retirement programs for teachers employed by the public schools and institutions of higher education in the State. Atty. Gen. Op. No. 72-146. Pursuant to its constitutional authority, the Legislature has made comprehensive provision for a teacher retirement program through the creation and maintenance of the Teachers' Retirement System. 70 O.S. 17-101 [70-17-101], et seq. (1971), as amended. The exercise of the authority of the Legislature in the creation of the Teachers' Retirement System is by no means the complete exhaustion of the authority of the Legislature to make provision for the retirement of teachers. The Board of Regents for Oklahoma Agricultural and Mechanical Colleges, the Board of Regents for the University of Oklahoma, and the Board of Regents for Oklahoma Colleges are the constitutional governments of their respective institutions of higher education. Article VI, Section 31a Oklahoma Agricultural and Mechanical Colleges ; Article XIII, Section 8 University of Oklahoma ; Article XIII, Section 14 Oklahoma Colleges . The constitutional boards of regents are endowed with all powers reasonably necessary for the supervision, management, control and governance of their respective institutions of higher education. See Pyeatte vs. Board of Regents of the University of Oklahoma, 102 F. Supp. 407
(W.D. Okl. 1952), affirmed 342 U.S. 936, 96 L.Ed. 696,72 S.Ct. 567. Nevertheless, these boards are subject to the constitutional limitations imposed upon all other state agencies and to such laws as may be passed by the Legislature of the State of Oklahoma as are necessary for the regulation and control of higher education within the State of Oklahoma, so long as the legislation does not effectively prevent the board of regents from fulfilling their constitutional mandate. In order to vitalize the constitutional boards of regents, the Legislature enacted legislation defining the powers and duties of each board of regents. 70 O.S. 3305 [70-3305] (1979) Board of Regents of the University of Oklahoma ; 70 O.S. 3412 [70-3412] (1979) Board of Regents of Agricultural and Mechanical Colleges ; 70 O.S. 3510 [70-3510] (1971) Board of Regents of Oklahoma Colleges . All of the foregoing enactments are substantially similar. Each endows their respective board of regents with numerous powers and duties, including the following: "Establish and maintain plans for tenure and retirement of employees of the board and of the institutions under its jurisdiction, and for payment of deferred compensation of such employee; and provide hospital and medical benefits, accident, health and life insurance and annuity contracts, for such employees and their dependents. The board may pay for all or part of the cost for employees thereof with funds available for the operation of the institution. Amounts payable by an employee for such insurance or annuity contracts may, with the consent of the employee, be deducted from his salary." The Legislature of the State of Oklahoma has created various other statutory boards of regents for institutions of higher education for the State of Oklahoma. See 70 O.S. 3512 [70-3512] (1972) Board of Regents of Eastern Oklahoma State College ; 70 O.S. 3605 [70-3605] and 70 O.S. 3606 [70-3606] (1971) Board of Regents of Oklahoma College of Liberal Arts ; 70 O.S. 3701 [70-3701] and 70 O.S. 3706 [70-3706] (1971) Board of Regents for Northern Oklahoma College ; 70 O.S. 3802 [70-3802] [70-3802] and 70 O.S. 3806 [70-3806] (1971) Board of Regents of Oklahoma Military Academy ; 70 O.S. 4413 [70-4413] [70-4413] (1971) Board of Regents of Tulsa Junior College ; 70 O.S. 4418 [70-4418] (1974) Board of Regents of Western Oklahoma State College ; and 70 O.S. 4423 [70-4423] [70-4423] (1974) Board of Regents for El Reno Junior College, Carl Albert Junior College, Seminole Junior College, Oscar Rose Junior College and South Oklahoma City Junior College. Each of these statutory boards of regents are granted, either expressly or by reference, the same governing powers and duties as granted to or imposed upon the constitutional boards of regents herein previously discussed. Given the express authorization contained in Article V, Section 62 Okl. Const. and the authority of the Legislature to legislate relative to the powers exercised by the boards of regents, the Legislature has the authority to establish such guidelines and limitations on any retirement plan formulated for any institution of higher education as the Legislature may in its discretion deem reasonable and proper. It does not appear, however, that any board of regents is attempting to exercise powers with respects to the creation of retirement plans not expressly granted under the legislation vitalizing the respective board of regents. The legislative enactments authorizing the various boards of regents to establish and maintain retirement plans also authorizes the board to "pay for all or a part of the cost thereof for employees, with funds available for the operation of the institution." Your second question relates to the constitutionality of the practice of paying for all or a part of the retirement plan expenses out of the operating budgets of the respective institutions. It is a truism under our State Constitution, Article X, Section 23, that no agency of the state may create or is authorized to create any debt or obligation, or fund or pay any deficit, regardless of its form or the source of money from which it is to be paid, except as authorized by Article X, Section 23a, Article X, Section 24 and Article X, Section 25. However, it is impossible to determine whether existing retirement plans at institutions of higher education create a debt or obligation without having the opportunity to examine the plans. Those retirement and supplemental retirement plans are not before us to examine. We must, therefore, decline to provide you with an opinion as to their legality. Therefore, it is the official opinion of the Attorney General that the Legislature of the State of Oklahoma has plenary authority to provide for retirement plans for all teachers in public and higher education within the State of Oklahoma and that the Legislature may in its discretion establish set guidelines or limitations on retirement plans or supplemental retirement plans as may be offered by the various boards of regents to employees of the institutions of higher education in this state. (JOHN F. PERCIVAL) (ksg) ** SEE: OPINION NO. 88-012 (1988) **